UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                Plaintiff,

    v.

KELLY CUNNINGHAM,

               Defendant.

No. C11-5509 BHS/KLS

ORDER REGARDING PLAINTIFF'S MOTIONS

Before the Court are the following: (1) "Motion for Protective, Anti-Harassment, and Preservation of Documents Order (ECF No. 12); (2) "Supplemental" exhibits and briefing (ECF Nos. 13; 18-19; 24-26; 29-30; 33-37); (3) Motion to Compel (ECF No. 20); (4) Motion to Change Defendant (ECF No. 21); and (5) Motion to Vacate Case Management Order (ECF No. 32). The Court's discussion and rulings as to each filing follows.

## DISCUSSION

**A.    Motion for Protective Order**

Plaintiff's Motion for Protective, Anti-Harassment, and Preservation of Documents Order (ECF No. 12) does not include a certificate of service reflecting that Defendant Cunningham was served with this motion. *Id.* Consequently, the Court will not consider the motion at this time. *See, e.g.,* Federal Rule of Civil Procedure 65(a)(1) (no preliminary injunction can be issued without notice to the opposing party).[1]

---

[1] On August 19, 2011, Plaintiff filed a "Supplement in Support of Protective Order," with a proof of mailing directed to "Van Hook SCC ATZ". ECF No. 13, p. 9. Defendant's Answer filed on August 2, 2011, reflects that Donna J. Hamilton and Megan E. Carper, Assistant Attorneys General, at 7141 Cleanwater Drive SW, P. O. Box 40124, Olympia, Washington 98504-0124, represent Defendant Cunningham in this matter.

ORDER - 1

Plaintiff may re-file his Motion for Protective, Anti-Harassment, and Preservation of Documents Order after he has served Defendant's counsel with the motion and has filed a certificate of mailing with the Court reflecting that he has done so.

**B.     "Supplements" and "Supplemental Exhibits"**

Plaintiff has submitted numerous "supplemental" exhibits and briefing, most of which state merely "see enclosed" or "see attached." See, e.g., ECF Nos. 13, 18, 19, 24, 25, 26, 29, 29, 30, 33, 34, 35, 36, and 37.  The majority of these filings contain no reference to a pending motion.    Under the Court's local rules, all argument, affidavits, declarations, photographic or other evidence presented in support of a motion must be submitted as part of the motion itself. CR 7.  After the opposing party has filed a brief in opposition to the motion (together with any supporting material), the moving party may file a reply brief *within the time prescribed*.  CR 7(d) (emphasis added).  The rules do not provide for the continuous filing of "supplements."

Plaintiff's "supplemental" filings have been docketed in the Court's file, but unless they are part of a properly filed motion and/or reply brief, the Court will not consider them in ruling on any pending motion.

**C.     Motion to Compel**

Plaintiff's Motion to Compel seeks  "discovery submitted [to] SCC staff."  ECF No. 20. Plaintiff must first confer with opposing counsel in a good faith attempt to resolve any discovery dispute.  If the attempt to confer is unsuccessful, Plaintiff may file a motion to compel, which shall include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed. R. Civ. P. 37(a)(2)(B).  The motion contains no such certification.  Accordingly, the motion (ECF No. 20) is denied.

ORDER - 2

**D.     Motion to Change Defendant**

In this motion, Plaintiff states that Defendant Cunningham will no longer be the CEO/Superintendent of the SCC as of October 1, 2011 and states that he anticipates amending his complaint. ECF No. 21. When Plaintiff files a motion to amend with a proposed amended complaint and has served Defendant's counsel with the motion and proposed amended complaint, the Court will consider the motion. Accordingly, the motion (ECF No. 21) is denied.

**E.     Motion to Vacate Case Management Order**

Plaintiff asks the Court to "vacate/lift the former case management order." ECF No. 32. He provides no factual or legal basis for doing so. Accordingly, the motion (ECF No. 32) is denied.

Accordingly, it is **ORDERED:**

(1)   The Clerk shall **strike** the noting date of Plaintiff's Motion for Protective, Anti-Harassment, and Preservation of Documents Order (ECF No. 12). Plaintiff may re-file and re-note the motion after he has served the motion on Defendant and filed a proof of service to that effect.

(2)   Plaintiff shall not file supplemental exhibits and briefing except as they may be allowed pursuant to the rules applicable to the filing of motions in this Court.

(3)   Plaintiffs' Motion to Compel (ECF No. 20), Motion to Amend (ECF No. 21), and Motion to Vacate Case Management Order (ECF No. 32) are **DENIED.**

(4)   The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this   26th   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3