1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

RICHARD ROY SCOTT,

10
                                              Plaintiff,

11         v.

12    KELLY CUNNINGHAM,
                                              Defendant.

No. C11-5509 BHS/KLS

ORDER REGARDING PLAINTIFF'S
"MOTION FOR SELF RECUSAL"

13

14         Before the Court is Plaintiff's "Motion for Self Recusal."  ECF No. 38.  Plaintiff requests

15   that the undersigned recuse herself "for failure to rule on any motion or demand response to

16   unopposed motions or to rule on discovery."  ECF No. 38.

17                                          **DISCUSSION**

18         Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any

19   proceeding in which her impartiality "might reasonably be questioned."  A federal judge also

20   shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a

21   party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C.

22   § 455(b)(1).  Pursuant to 28 U.S.C. § 144:

23

24         Whenever a party to any proceeding in a district court makes and files a timely
           and sufficient affidavit that the judge before whom the matter is pending has a
25         personal bias or prejudice either against him or in favor of any adverse party, such
           judge shall proceed no further therein, but another judge shall be assigned to hear
26         such proceeding.

ORDER REGARDING RECUSAL MOTION - 1

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be partial to one side or the other in this matter and accordingly, the undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.   However, Plaintiff's declaration of prejudice shall be referred to the Chief Judge for a determination of its merits. Local Rules W.D. Wash. GR 8(c).

Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily.  Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge

ORDER REGARDING RECUSAL MOTION - 2

Marsha J. Pechman for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Pechman's motion calendar.

This action, and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  No further motions shall be filed in this matter until the stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be dismissed.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to any parties who have appeared in this action.

DATED this  27th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING RECUSAL MOTION - 3