# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RICHARD ROY SCOTT,

        Plaintiff,

v.

KELLY CUNNINGHAM,

        Defendant.

No. C11-5509 BHS/KLS

ORDER REGARDING PLAINTIFF'S "MOTION FOR SELF RECUSAL"

On September 21, 2011, Plaintiff filed a "Motion for Self Recusal" and requested that the Honorable Karen L. Strombom, United States Magistrate Judge, recuse herself from these proceedings. Dkt. No. 38. Plaintiff requests that the undersigned recuse herself "for failure to rule on any motion or demand response to unopposed motions or to rule on discovery." Id. Pursuant to Local General Rule 8(c), Judge Strombom reviewed Plaintiff's motion, declined to recuse herself voluntarily, and referred the matter to the undersigned. Dkt. No. 45. Plaintiff's motion is therefore ripe for review by this Court.

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Strombom to recuse herself and DENIES the motion.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also

ORDER REGARDING RECUSAL MOTION - 1

shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Plaintiff's motion for Judge Strombom to recuse herself was based, not on any ruling she had made, but on her <u>failure</u> to rule on certain motions in a manner which Plaintiff deemed timely. These allegations do not implicate any personal bias or prejudice on Judge Strombom's part towards any part, nor any personal knowledge of disputed evidentiary issues. This Court cannot reasonably question Judge Strombom's impartiality.

ORDER REGARDING RECUSAL MOTION - 2

**CONCLUSION**

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion for Judge Strombom to recuse herself voluntarily.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to any parties who have appeared in this action.

DATED this  14th  day of October, 2011.

Marsha J. Pechman
Chief United States District Judge

ORDER REGARDING RECUSAL MOTION - 3