UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

        Plaintiff,

v.

KELLY J. CUNNINGHAM,

        Defendants.

No. C11-5509 BHS/KLS

ORDER REGARDING MOTIONS

  Plaintiff Richard Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County. He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. The Court is managing this case pursuant to those Orders. ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9. Since the filing of this case in July 2011, Mr. Scott has filed numerous motions in violation of the case management orders. Some have been ruled on by the Court, several motions were stayed pending resolution of Mr. Scott's attempt to recuse the undersigned and have now been renoted, and several are now pending. Mr. Scott has filed over 45 motions and "supplemental" exhibits in four months time. Most are in some way in violation of the case management orders. It has now been brought to the Court's attention that Mr. Scott is refusing to accept legal mail sent to him by defense counsel. ECF No. 88. Mr. Scott has also appealed this Court's Order denying a motion for reconsideration. ECF Nos. 62 and 78.

  A brief summary of Mr. Scott's filings and the Court's findings and rulings on the outstanding motions follows.

ORDER - 1

A.      **Summary of Filings**

**July – August, 2011**

Mr. Scott filed a complaint, an amended complaint, summons was issued, and a notice of appearance was entered on behalf of Defendant Kelly Cunningham.  ECF Nos. 1, 2, 4, and 7.

In August, Ms. Cunningham filed an answer and the Court entered a Pretrial Scheduling Order.  ECF Nos. 9 and 10.  Mr. Scott filed a motion for the appointment of counsel and Ms. Cunningham filed a response.  ECF Nos. 11 and 14-17.  Over the next twenty days, Mr. Scott filed a motion for protective order (ECF No. 12), supplement to motion for protective order (ECF No. 13), supplemental exhibits (ECF No. 18), second supplemental exhibits (ECF No. 19), motion to compel discovery (ECF No. 20), motion to change defendant (ECF NO. 21), a second supplement to motion for protective order and supplement to motion to appoint counsel (ECF No. 23), supplemental briefings on current motions (ECF No. 24), supplemental exhibit (ECF No. 25), supplemental exhibit in support of pending motions (ECF No. 26), motion for leave to depose non-parties and take tape recorder depositions (ECF NO. 27), and supplemental exhibit in response to defendant's reply (ECF No. 28).  The "supplemental" filings were not filed as part of a pleading and contained no reference to pending motions.

**September 2011**

In September Mr. Scott continued filing supplemental declarations and exhibits (ECF Nos. 33, 34, 35, 37, 40, 41, and 43).  He also filed a motion for default judgment based on his claim that the Defendant had engaged in "zero" discovery (ECF No. 31), a motion to vacate the case management order (ECF No. 32), a motion for self recusal (ECF No. 38), and a motion to add defendant (ECF No. 39).  On September 26, 2011, the Court struck the noting date for Plaintiff's motion for protective order (ECF No. 12) for failure to comply with Federal Rule of

ORDER - 2

Civil Procedure 65(a)(1), advised Plaintiff that the rules to not provide for the continuous filings of "supplements," and denied his motion to compel, motion to amend and motion to vacate the case management order. ECF No. 44. On September 27, 2011, the undersigned declined to voluntarily recuse herself and the motion was referred to the Chief Judge. Pending decision on the motion for recusal, all matters were stayed and all motions filed while the matter was stayed were dismissed. ECF No. 45. While the matter was stayed, Mr. Scott filed a motion to appoint special master (ECF No. 46), motion for reconsideration of the order denying counsel (ECF No. 47), and motion for temporary restraining order (ECF No. 48). These orders were terminated pursuant to ECF No. 45.

**October – November 2011**

On October 14, 2011, the motion for recusal was denied. ECF No. 49. The Court re-noted Mr. Scott's motion for leave to depose non-parties (ECF No. 27), motion for default (ECF No. 31) and motion to amend (ECF No. 39). ECF NO. 50. Mr. Scott filed a motion for temporary restraining order (ECF No. 51) and a motion for reconsideration of the Court's September 26, 2011 (ECF No. 44) Order. ECF No. 52. He also filed supplemental exhibits in support of that motion (ECF No. 53), a motion for "anti-harrassment TRO" (ECF No. 54), a motion for preservation of documents (ECF No. 60), and a motion for return of computer/media (ECF No. 61).

On November 3, 2011, the Court denied the motion for reconsideration. ECF No. 62. Mr. Scott filed a motion for summary judgment (ECF No. 63), a motion for declaratory relief (ECF No. 64), a second motion for declaratory relief (ECF No. 65), a motion for extension of time to reply to Defendant's response to current motions (ECF No. 66), a third motion for declaratory relief (ECF No. 67), a motion to compel/produce documents (ECF No. 68), a

ORDER - 3

supplemental exhibit in support of state court access (ECF No. 77), a notice of appeal on the order denying motion for reconsideration (ECF No. 78), a motion for leave to conduct discovery (ECF No. 80), a second motion to lift the case management order (ECF No. 81), a motion for class certification and appointment of attorney (ECF No. 82), a motion for restraining order (ECF No. 84), a third motion for summary judgment (ECF No. 85), and motion for leave to conduct discovery (ECF No. 87).

**December 2011**

In the past eight days, Mr. Scott has filed three supplemental exhibits (ECF Nos. 90, 92 and 93), a motion for emergency temporary restraining order (ECF No. 91), and a third motion for partial summary judgment on court access (ECF No. 94).

**B.    Current Motions**

(1)    **ECF No. 27 – Motion for Leave to Depose Non-Parties**

In this motion, Mr. Scott seeks to take depositions of "non name (defendants) person [sic] all staff at SCC." ECF No. 27 at 1. Mr. Scott lists Denny, O'Connor, Sziebert, and Cathi Harris as deponents. *Id*. Mr. Scott does not provide an affidavit with his motion explaining why he seeks to depose these individual employees, the nature of the information he will seek in the deposition, or how they relate to the current action.

In 2005, in *Scott v. Seling*, et al., C04-5147 RJB (consolidated with other cases), the Court identified Mr. Scott as a plaintiff who takes part in "abusive litigation practices," and laid out multiple requirements that Mr. Scott would be bound to follow in all future cases. *Scott v. Seling*, et al., ECF No. 170. Included in these requirements is the directive that "[p]laintiff may not engage in discovery without leave of court. To obtain leave of court he must submit written discovery to the court for prior approval." *Id.* at 4. The Court also ordered that

ORDER - 4

"[p]laintiff may not issue any subpoenas or summons without prior approval of the court. To obtain prior approval, the plaintiff must show the subpoena or summons is proper. This will be done by submitting his affidavit which clearly discloses the nature of the information he is seeking and sets forth the name and address of the person to whom the subpoena or summons is directed." *Id.*

Mr. Scott has not complied with the directives of the Court. He has not provided any information about why he wants to depose the four individuals listed in his motion or the nature of the deposition testimony he seeks. The motion (ECF No. 27) is **DENIED.**

### (2)   ECF No. 31 – Motion for Default/Judgment

In this motion, Mr. Scott seeks a default judgment because he alleges "the Defendant has produce (sic) zero Discovery." ECF No. 31, at 1. Rule 55 of the Federal Rules of Civil Procedure provides that a default judgment is to be entered by the court when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed.R.Civ.P. 55(a).

Mr. Scott has not demonstrated that Defendant has failed to defend. Instead, as noted above, Mr. Scott is constrained by the case management order to take certain steps before he can engage in discovery. He has not done so. This motion (ECF No. 31) is **DENIED.**

### (3)   ECF No. 39 – Motion to Add Defendant

As noted by Defendant, adding or dropping parties under Fed. R. Civ. 21 requires an "order of the court," on motion or of the court's own initiative, and is reflected by an amendment to the pleading. Under Fed. R. Civ. P. 15(a), a party may amend his pleading by leave of court, and such leave be "freely given when justice so requires."

ORDER - 5

Mr. Scott previously filed a motion seeking to remove Defendant Cunningham and add a new defendant. ECF No. 21. This Court held then that when Mr. Scott files a motion to amend with a proposed amended complaint and has served defendant's counsel with the motion and proposed amended complaint, the Court would consider the motion. ECF No. 44 at 3. Mr. Scott has filed another motion to add a defendant, this time seeking to add Tracy Guerin as a defendant. Again, there is no accompanying motion to amend and no proposed amended complaint that would allow this Court to consider the motion. This motion (ECF No. 39) is **DENIED.**

### (4)   ECF Nos. 51, 54, 60, 61, 84, and 91 - Motions for TRO

These motions shall be addressed under separate Report and Recommendation.

### (5)   ECF Nos. 63, 85 and 94 – Motions for Summary Judgment

Mr. Scott moves for summary judgment in his favor on his court access claim based, in part, on a claim that 30 CD/DVDs and his computer are being held by Defendant Cunningham and without these records, he cannot effectively proceed in a meaningful way. The first two motions were noted for Court's consideration on December 2, 2011; the third was noted for December 30, 2011. Following the filing of the first two motions, Defendant Cunningham filed a Notice of Intent to Treat Case as Stayed and Plaintiff's Refusal of Legal Mail. ECF No. 88. This notice was based on Mr. Scott filing a Notice of Appeal as to this Court's Order denying Mr. Scott's motion for reconsideration (ECF No. 62 (Order Denying Reconsideration)). ECF No. 78 (Notice of Appeal)[1].

---

[1] The Notice of Appeal was docketed in the Seattle Division of the Clerk's Office and the notation "Fee Not Paid" was entered on the docket. On further review, however, it appears that Mr. Scott was attempting to appeal this Court's Order to the District Judge and not to the Ninth Circuit. Therefore, the motion will be referred to Judge Settle for consideration.

ORDER - 6

Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir.2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir.1966). Here, Mr. Scott appealed an order striking noting dates of motions that he was given leave to re-file once he complied with court rules. This is not an appealable interlocutory order.

Therefore, Defendant is directed to file responses to the motions for summary judgment (ECF Nos. 63, 85 and 94). As these motions appear to raise the same or similar issues relating to Mr. Scott's access to his computer and computer-based data, the Clerk is directed to combine the motions, to **strike** the present noting dates of December 2nd and 30th, and to **note** the motions for **January 13, 2011.** Defendants shall file a response **on or before January 9, 2011.** If Mr. Scott files a reply, it shall be filed **no later than January 13, 2011. NO SUPPLEMENTAL REPLIES AND EXHIBITS SHALL BE CONSIDERED BY THE COURT.**

**(6)    ECF Nos. 64, 65, and 67 – Motions for Declaratory Relief**

These motions shall be addressed under separate Report and Recommendation.

**(7)    ECF No. 66 – Motion for Extension of Time to Reply**

ORDER - 7

In this motion, Mr. Scott states simply that the mailroom has not been available for two days during his hour so "if the defendant has replied he has not received it." ECF No. 66. Mr. Scott does not identify which of his various motions to which he was expecting a reply. This motion is **DENIED.**

### (8) ECF No. 68 – Motion to Compel

"Plaintiff may not engage in discovery without leave of court. To obtain leave of court he must submit written discovery to the court for prior approval." *Scott v. Seling*, C04-5147 RJB, ECF No. 170 ¶ 4. Mr. Scott is in violation of this Order. His motion to compel (ECF No. 68 ) is **DENIED.**

### (9) ECF Nos. 80 and 87 – Motions to Conduct Discovery

These motions will be addressed under separate order.

### (10) ECF No. 81 - Motion to Lift Case Management Order

This motion is duplicative of ECF No. 32. Mr. Scott is prohibited from filing any duplicative or repetitive motion in an action. The case management order states that the filing of a duplicative or repetitive motion shall result in monetary sanctions or dismissal of the action. *Scott v. Selig,* No. 4-5147RJB, ECF No. 170 ¶ 6. Mr. Scott is reminded of his obligations under the case management order. The motion is **DENIED.**

### (11) ECF No. 82 – Motion for Class Certification

In this motion, Mr. Scott seeks class certification based merely on his conclusory statement that "the ruling in this case will effect [sic] all SCC residents, presently 282." Rule 23 of the Federal Rules of Civil Procedure governs adjudications of class actions. Mr. Scott has not alleged facts sufficient to plead a class action nor is he competent to act on behalf of others. As a *pro se* party, Mr. Scott may not represent the interests of other persons. *C.E. Pope Equity Trust*

ORDER - 8

*v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  ECF No. 82 is **DENIED.**

**(12)** **"Supplemental Exhibits" – ECF Nos. 77, 86, and 90.**  Mr. Scott was previously advised herein that all argument, affidavits, declarations, photographic or other evidence presented in support of a motion must be submitted as part of the motion itself.  CR 7.  After the opposing party has filed a brief in opposition to the motion (together with any supporting material), the moving party may file a reply brief *within the time prescribed*.  CR 7(d) (emphasis added).  The rules do not provide for the continuous filing of "supplements."  The supplements will not be considered by the Court.

In summary, it is **ORDERED:**

(1) ECF Nos. 27, 31, 39, 66, 68, 81, and 82 are **DENIED.**

(2) The Clerk shall **strike** the present noting dates of the motions for summary judgment (ECF Nos. 63, 85 and 94) and **note** the motions together for **January 13, 2011.**  Defendants shall file a response to the motions **on or before January 9, 2011.**  If Mr. Scott files a reply, it shall be filed **no later than January 13, 2011.  NO SUPPLEMENTAL REPLIES AND EXHIBITS SHALL BE CONSIDERED BY THE COURT.**

(3) The Clerk shall refer Plaintiff's Notice of Appeal (ECF No. 78) to The Honorable District Judge Benjamin H. Settle for consideration.

(4) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendant

**DATED** this   13th   day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9