UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                Plaintiff,

v.

KELLY CUNNINGHAM,

                Defendant.

No. C11-5509 BHS/KLS

**ORDER ON MOTIONS TO ENGAGE IN DISCOVERY (ECF NOS. 80 AND 87)**

Before the Court is Plaintiff's Motion to Engage in Discovery. ECF No. 80. Plaintiff filed this motion on November 16, 2011. It was noted for hearing on December 2, 2011. *Id.* One day later, Plaintiff filed a duplicate motion. ECF No. 87. Plaintiff seeks to take the non-stenographic depositions of Defendant Kelly Cunningham and non-parties, B. Leslie Sziebert, the Medical Services Director of the Special Commitment Center (SCC) and C. Cathi Harris, the Associate Superintendent of SCC.

Pursuant to the Case Management Order governing this case, Plaintiff must submit written discovery to the Court for prior approval before engaging in discovery. *Scott v. Seling*, C04-5147 RJB. ECF No. 170 ¶ 4. In his motion, Plaintiff sets forth a "general template" of questions that he presumably intends to ask all three witnesses. He has also included a request for the production of documents directed to Defendant Cunningham.

## DISCUSSION

In his Amended Complaint, Mr. Scott raises three issues relating to the conditions of his confinement at the SCC: (1) inadequate medical care, (2) lack of emergency services, and (3) interference with access to courts due to inadequate processing of mail and legal copies. ECF

ORDER - 1

No. 2. In particular, he alleges that his medical care is no longer adequate, there is no longer an emergency ambulance service to the ferry, there is no longer a fire department or emergency response team, he is no longer being given medical care, he has been unable to obtain new glasses, his incoming and outgoing mail is not being processed on a daily basis, his legal copies are not being made in a timely manner, and his request to have his investigator paid has never been filed. *Id.* Based on Plaintiff's claims and the Court's review of his proposed discovery, the Court **ORDERS as follows:**

(1) Plaintiff's request to proceed with the non-stenographic depositions (ECF No. 80) of B. Leslie Sziebert and C. Cathi Harris is **DENIED.** Plaintiff must explain to the Court the need for the deposition of these non-parties and provide a sample of questions directed to each individual that are relevant to the Plaintiff's claims that *he* is not being provided adequate medical care and/or emergency services, and/or that *his* access to courts is being denied.

(2) Plaintiff's request to proceed with the non-stenographic deposition (ECF No. 80) of Defendant Kelly Cunningham is **GRANTED except that it is limited to the following matters of inquiry:** (1) the number of paramedical personnel and their training; (2) the number of fire station personnel and their training; (3) the nature of medical services provided to Plaintiff in the past year. All other areas of inquiry listed by Plaintiff are not relevant to the claims raised in his Amended Complaint. Further, Plaintiff's request that the costs of the deposition be borne by Defendant is **DENIED.** In the alternative, Plaintiff may submit these queries in the form of written interrogatories to Defendant Cunningham.

(2) Plaintiff's request to proceed with requests for production (ECF No. 80) are **GRANTED as to the following requests:**

(a) Medical services policies, including policy 860.

ORDER - 2

(b) All emails by Dr. Sziebert, SCC medical services director in 2011 regarding Plaintiff, including attachments.

(c) Any medical services grievance or abuse complaints regarding Plaintiff in 2011.

(d) Mailroom services complaints, abuse complaints, letters, and/or grievance made by or regarding Plaintiff in 2011.

(e) Documents relating to Plaintiff's mail generated by mailroom staff within the last twelve months, *e.g.,* abandonment of mail, reviewing mail outside of Plaintiff's presence.

(f) Plaintiff's medical file.

Plaintiff shall serve the foregoing requests for production on Defendant in accordance with the rules governing discovery. Defendant shall respond and/or object within the time and manner set forth in the rules. **All remaining proposed requests for production contained in ECF No. 80 are DENIED.** None of the remaining proposed requests for production are relevant to Plaintiff's stated claims.

(3) Plaintiff's motion to engage in discovery (ECF No. 87) is **DENIED** as duplicative.

(4) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  13th  day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3