UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

              Plaintiff,

  v.

KELLY CUNNINGHAM,

              Defendant.

NO. C11-5509 BHS/KLS

ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Before the Court is Plaintiff's motion for extension of time to complete discovery ECF No. 126. Pursuant to the Court's Pretrial Scheduling Order, the discovery deadline was February 3, 2012. ECF No. 10. Defendant opposes an extension of the deadline. ECF No. 138.

Mr. Scott is the subject of case management orders in the Western District because of a long history of abusive litigation tactics. The Court is managing this case pursuant to those orders. ECF No. 4; and *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

**FACTS**

Mr. Scott has been on notice since at least March 1, 2005, that he must seek leave of the Court before he may engage in discovery. *Scott v. Seling*, C04-5147 RJB, ECF No. 169 ¶ 4 (Proposed Order), and 170 at 4 ¶ 4. In this case, Mr. Scott first sought leave of the Court to conduct discovery in his motion dated November 11, 2011 and filed on November 16, 2011. ECF No. 80. The Court granted in part and denied in part his motion on December 13, 2011. ECF No. 99. Mr. Scott then promptly propounded a single discovery request, a request for

production on December 21, 2011. Defendant's responsive documents were due on January 23, 2012.

On December 29, 2011, defense counsel returned Mr. Scott's voice mail message regarding setting up a deposition for Mr. Cunningham. ECF No. 138, Exh. 1. Counsel pointed out that the Court's order permitted Mr. Scott to take Mr. Cunningham's deposition at Mr. Scott's expense. At approximately that point, while counsel was in mid-sentence, Mr. Scott hung up the telephone. Counsel then wrote to Mr. Scott and had the following letter delivered to him within an hour or two of the telephone call:

> This is to follow up on our telephone conversation today regarding your request to depose Mr. Cunningham. I was unable to complete our discussion due to your hanging up the telephone moments into our conversation, as you did when we spoke yesterday. The following is the additional information I wished to share with you.
>
> Pursuant to the case management order in place in this litigation, you are required to obtain leave of the Court before you may conduct discovery. You did so and the Court entered its December 13, 2011 order which is enclosed. The Court authorized you to conduct a non-stenographic deposition of Mr. Cunningham at your own expense and defined the three specific areas into which you may inquire. Order at 2. The Court further stated, "in the alternative," you may submit these queries in the form of written interrogatories to Mr. Cunningham. Id. You elected to propound interrogatories which I received on December 21, 2011. Thus, according to the Court's order you may either depose Mr. Cunningham or propound interrogatories, but not both. If you elect to go forward with Mr. Cunningham's deposition, I will assume you have withdrawn your interrogatories dated December 17, 2011.
>
> I have also enclosed a proposed agreed order to conduct Mr. Cunningham's non-stenographic deposition. My office will provide tape recorders and a person to swear in the witness. You are responsible to provide two sets of cassette tapes: one set for your use and another set for filing with the Court. I will provide a set of tapes for my own use. Before Mr. Cunningham's deposition may go forward, I will need you to return the proposed order to me with your original signature.

> I will be in touch with you next week with proposed dates for the deposition. Please note that the discovery cut off is February 3, 2012. Mr. Cunningham will need a few days to review the transcript and sign before the discovery cut off.

*Id.*, Exh. 1.

Mr. Scott responded as follows:

> I can not agree to your odd proposal. I suggest you shown up with your client, as agree on the phone. Your answers to the interrogatories (none have been approved yet, still before the mag. . Once she approved them I send them to you and then you have 30 days)
>
> See you in the VR, bring three tape recorders and three 60 minutes cassettes. I'll get them transcribed. One will go to the court sealed in my presence. Well, you know the routine.

*Id.*, Exh. 2.

## DISCUSSION

The court, for good cause, may extend the time for an act to be completed if a request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Similarly, a schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To satisfy the good cause standard, the movant seeking the extension must show that even exercising due diligence, he was unable to meet the timetable set forth in the order. *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (*citing Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (citing Johnson, 975 F.2d at 609.)

In support of his motion, Mr. Scott states "no discovery has been allowed yet … defendant has not produces document or reply or objection or attended one deposition. Zero." ECF No. 126, p. 1. Mr. Scott filed his motion after the Court granted, in part, his motion for leave to proceed with discovery. ECF No. 99. Plaintiff was granted leave to proceed with the non-stenographic deposition of Defendant Cunningham, at his own expense, limited to the following matters of inquiry: (1) the number of paramedical personnel and their training; (2) the number of fire station personnel and their training; (3) the nature of medical services provided to Plaintiff in the past year. *Id.* Alternatively, Plaintiff was given the option of submitting these queries in the form of written interrogatories to Defendant Cunningham. *Id.* The record reflects that Plaintiff has neither cooperated in scheduling Defendant Cunningham's deposition nor in submitting any such queries to Mr. Cunningham or to the Court. Plaintiff has not been diligent in conducting discovery.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for extension of the discovery deadline (ECF No. 126) is **DENIED.**

(2) The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  16th  day of February, 2012.

Karen L. Strombom
United States Magistrate Judge