UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

           Plaintiff,

  v.

KELLY CUNNINGHAM,

           Defendant.

NO. C11-5509 BHS/KLS

ORDER DENYING FIFTH AND
SIXTH MOTIONS FOR COUNSEL

Before the Court are Plaintiff's fifth and sixth motions for counsel. ECF Nos. 111 and 128. Defendant opposes the motions and requests that the Court impose an appropriate sanction to deter Plaintiff from filing duplicative motions. ECF Nos. 121 and 132. Having carefully considered the motions, affidavits, responses, and balance of the record, the Court finds that the motions for counsel should be denied. Defendant's request for sanctions will be addressed in a separate report and recommendation.

**BACKGROUND**

Mr. Scott is the subject of case management orders in the Western District because of a long history of abusive litigation tactics. The Court is managing this case pursuant to those orders. ECF No. 4; and *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

On December 13, 2011, this Court reminded Mr. Scott of his obligations under the case management order. In particular, Mr. Scott was reminded that he shall not file duplicative or repetitive motions and that doing so shall result in monetary sanctions or dismissal of the action. ECF No. 98, p. 8. Four days later, Mr. Scott signed his sixth motion for the

appointment of counsel. ECF No. 111 (filed December 21, 2011). Before that motion was ripe for consideration, Mr. Scott signed his seventh motion for the appointment of counsel. ECF No. 128 (signed January 2, 2012, filed January 5, 2012). In addition to these two motions, Mr. Scott has one other motion for counsel pending before this Court. ECF No. 109. He has previously moved unsuccessfully for appointed counsel four times (three motions and a motion for reconsideration), ECF Nos. 11, 23, 47 (reconsideration) and 82.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

In his sixth motion (ECF No. 111), Mr. Scott makes various allegations regarding his civil commitment case which is pending in King County. Mr. Scott is represented by a public defender, Pete MacDonald, in that matter. ECF No. 111, at 3. Thus, to the extent he believes SCC staff are somehow interfering with his commitment case, his attorney may advocate those issues for him before the judge in that case who is familiar with the facts in that matter. These assertions do not support a conclusion that exceptional circumstances exist in this case for the appointment of counsel.

Mr. Scott also alleges the SCC mailroom is withholding "new incoming . . . evidence." ECF No. 111, at 2. According to counsel for defense, she received Mr. Scott's first discovery request on December 21, 2011. Mr. Scott has provided no "evidence" to date that the SCC mailroom might withhold. These facts do not support a conclusion that exceptional circumstances exist in this case for the appointment of counsel.

Mr. Scott asserts that he has a laptop computer and printer, but does not have a port to view the contents of DVDs, CDs, or other electronic media. ECF No. 111, at 4. He also asserts that all discovery in this case is "coming on CDs/DVDs" as are "the records of filing in this case." *Id*. The Court notes that Mr. Scott did not propound any discovery until December

17, 2011 and therefore, has had no discovery to look at, electronic or otherwise. Further, although Mr. Scott has requested that the defense provide discovery responses in electronic format, the defense will be or has already provided all discovery in hard copy. ECF No. 121, p. 3. In addition defense has been providing all correspondence and pleadings to Mr. Scott only in hardcopy. According to the Associate Superintendent of SCC, Cathi Harris, Mr. Scott's computer was seized on August 17, 2011, pursuant to a directed room search based on information that Mr. Scott had a photograph of a current staff member on his computer. ECF No. 122, ¶ 2, and Attachment A. While various items were seized from Mr. Scott's room in addition to the computer, no hardcopy documents were removed from Mr. Scott's bedroom. *Id.* The seizure of the computer and/or other items are not at issue in this case. These assertions do not support a conclusion that exceptional circumstances exist in this case for the appointment of counsel.

Mr. Scott likens his current loss of computer privileges to an incident that occurred in 2006, which he asserts, "effectively stopped [his] effective court access" in three cases. ECF No. 111, at 2. In fact, *Scott v. Weinberg*, C06-5172 was dismissed as a Rule 11 sanction due to Mr. Scott's litigation conduct; *Scott v. Nerio*, C06-5340 was dismissed due to Mr. Scott's failure to pay a money sanction, and *Scott v. Bailey*, C076-5173 was dismissed because Mr. Scott failed to comply with a court order. These facts do not support a conclusion that exceptional circumstances exist.

Mr. Scott also complains about his ability to obtain photocopies via the service the SCC provides to residents as a courtesy. ECF No. 17 (First Harris Decl.), ¶ 12. According to Ms. Harris, residents are not required to take advantage of that service. The SCC has an

approved vendor that provides photocopy services. Copies are processed and charged to the resident's account unless he is indigent. ECF No. 17 (First Harris Decl.), Attach. B. Residents who are indigent as defined in SCC policy receive up to 90 photocopies a month at no cost to the resident. *Id.* (First Harris Decl.), ¶ 12. Mr. Scott's monthly income exceeds the maximum income to receive photocopies without charge. *Id.* Residents who are self-represented in their civil commitment cases, regardless of indigence status, receive copies at no charge for use in their civil commitment cases only. *Id.* Mr. Scott receives a monthly income of at least $737 per month; he is not indigent. ECF No. 27, p. 3. In addition, Mr. Scott admits that he has counsel in his civil commitment case. ECF No. 111, p. 3. These facts do not support a conclusion that exceptional circumstances exist in this case for the appointment of counsel.

In his seventh motion for the appointment of counsel (ECF No. 128), Mr. Scott complains that the defendant has all of his records in this case, won't let any new discovery in, and refuses to cooperate in any discovery. ECF No. 128, at 3. At the time his motion was filed, no discovery was due. Mr. Scott propounded his first Court-approved discovery request which the defendant received on December 21, 2011. ECF No. 121, at 2. Defendant states that responsive documents will be provided to Mr. Scott by the due date in hardcopy form. ECF No. 132, p. 2.

In addition, Mr. Scott alleges the defendant refuses to give him any free supplies, "as they were doing." ECF No. 128, p. 1. Residents who are not indigent as defined in SCC policy do not receive "free supplies." ECF No. 133 (Declaration of Becky Denny), ¶ 2. Mr. Scott receives a monthly income of over $730 per month. ECF No. 27, p. 3. He is not indigent as defined in SCC policy. ECF No. 133 (Denny Decl.), ¶ 2. The only exception is residents

who are *pro se* in their civil commitment cases. Because those residents have a right to counsel, the SCC provides photocopies at no cost to the resident for use *in their civil commitment cases*. *Id.* Now that Mr. Scott has counsel in his civil commitment case, he no longer receives free copies for that case. *Id*. If Mr. Scott wishes to 2 obtain copies, he need only pay for them. *Id.* These assertions do not support the appointment of counsel in this case.

Mr. Scott has not demonstrated exceptional circumstances supporting the appointment of counsel in this case. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions for the appointment of counsel (ECF Nos. 111 and 128) are **DENIED**.

(2) The Clerk of Court is directed to send a copy of this order to Plaintiff and to counsel for Defendant.

**DATED** on the  16th  day of February, 2012.

Karen L. Strombom
United States Magistrate Judge