UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

              Plaintiff,

v.

KELLY CUNNINGHAM,

              Defendant.

No. C11-5509 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 9, 2012**

Before the Court is Plaintiff's eleventh motion for temporary restraining order. ECF No. 96. Mr. Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County. He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. The Court is managing this case pursuant to those Orders. ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

Pursuant to the case management orders, any motions for temporary relief filed by Mr. Scott must first be reviewed by the judge:

> Any motion for temporary restraining order (TRO) or other injunctive relief must comply with all of the requirements of Fed. R. Civ. P. 65. Any motion for a TRO or other injunctive relief, other than contained in a complaint, must first be reviewed by the judge. If the motion does not meet the requirements of Fed. R. Civ. P. 65 the motion shall be filed with the judge's notation that the document is to be filed with no further ruling by the Court. The defendant in the case need not file a response to the motion unless directed to do so by the judge.

*Scott v. Seling*, C04-5147 RJB, ECF No. 152, ¶ 11 at p. 3. Like so many of his previous motions, Mr. Scott's present motion has nothing to do with the issues raised in his complaint.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis and citations omitted).

Thus, Mr. Scott must show that he is likely to succeed on the merits of his claim, that he will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance of harm favors him, and that public interest favors granting the relief he seeks. In his Amended Complaint, Mr. Scott raises three issues relating to the conditions of his confinement at the SCC: (1) inadequate medical care, (2) lack of emergency services, and (3) interference with access to courts due to inadequate processing of mail and legal copies. ECF No. 2.

With the foregoing legal principals and Mr. Scott's claims in mind, the undersigned makes the following recommendation as to Mr. Scott's motion for temporary injunction. In this

REPORT AND RECOMMENDATION - 2

motion, Mr. Scott asks the court "to restrain the Defendant for fuller obstruction of my mail to Lawyers. Mike Kahrs is a lawyer. Exhibit 1" ECF No. 96. In an attached exhibit, we learn that Mr. Scott re-used an envelope from the Washington Attorney General's office (AGO) (with the AGO's return address) and so the mail was returned to the AGO. *Id.*, p. 2.

Defendant explains that Mr. Scott attempted to re-use an envelope he received from the AGO. He taped another envelope onto the AGO envelope and included only a partial address to the recipient. The U.S. Postal Service was unable to deliver the item with an incomplete address, so stamped it "return to sender," pointing to the AGO return address printed on the envelope. ECF No. 104 (Declaration of Kathryn Stadler). The item was received in the AGO mailroom on December 5, 2011, and opened per standard operating procedure to determine where in the office the item should be delivered. The AGO mailroom sent the item to Kathryn Stadler who is a member of the SCC program team defending this case. Ms. Stadler returned the item to Mr. Scott the same day with an explanatory cover letter. ECF No. 96 at 2. The envelope Mr. Scott attached to his motion shows the AGO return address crossed out. ECF No. 96 at 4. However, the AGO return address was *not* crossed out when Mr. Scott originally placed the item in the mail or when the AGO received it. ECF No. 104 (Stadler Dec.), Attach. A. Therefore, the AGO return address was crossed out *after* Ms. Stadler returned the item to Mr. Scott.

Defendant requests sanctions against Mr. Scott because he attached an *altered* document in support of his motion. ECF No. 103 (citing ECF No. 96 at 4). By altering the envelope to cross out the AGO return address and then accusing Mr. Cunningham of "obstruction" of his mail, Defendant states that Mr. Scott has engaged in a fraud on the Court. ECF No. 103, p. 2.

In response, Mr. Scott states that the SCC mailroom must inspect his envelope and they will not mail out an improperly addressed envelope, re-used envelopes are common, and when

REPORT AND RECOMMENDATION - 3

he received back his mail sent a month earlier to Mike Kahrs the AGs address was crossed over. Mr. Scott states that Ms. Stadler is lying or that Assistant Attorney General Hamilton is cheating and lying. ECF No. 115, p. 2. Mr. Scott claims that he has sworn in a declaration that when he "received back his mail sent a month earlier to Mike Kahrs the AGs address was crossed over. See decl. id." ECF No. 115, p. 2. Mr. Scott's reply is not sworn nor signed. *Id.*, p. 3. Mr. Scott attaches a Declaration but it does not include any such language. It does not refer at all to his letter to Mike Kahrs or the crossed out address. *See* ECF No. 120, p. 3 (with attached exhibits—mail returned for lack of postage ). Mr. Scott then points to other unrelated incidents in which he claims that Assistant Attorney General Hamilton has lied and where he claims that the undersigned Magistrate Judge has failed to rule in his favor as proof that he has been cheated. ECF No. 115, p. 3.

The issues raised in this motion are not related to the claims raised in this lawsuit. Further, Mr. Scott makes no showing of any immediate threat of irreparable harm and makes no effort to comply with the standards governing temporary injunctions. In fact, Mr. Scott makes no colorable argument for any relief at all. At best, it appears that the post office was unable to deliver an item of mail addressed to his attorney and that the mail was promptly returned to him. It is recommended that the noting date of this motion (ECF No. 96) be **stricken** and that there be no further ruling on this motion by the Court.

There are disturbing questions surrounding the exhibits that Mr. Scott attached to his motion for temporary relief. He provides no satisfactory explanation and offers no signed testimony to support his claims that his mail is being "obstructed." However, because the undersigned is recommending that there be no further ruling on this motion, it is recommended at this time that no further action be taken on the Defendant's motion for sanctions.

REPORT AND RECOMMENDATION - 4

## CONCLUSION

Based on the foregoing and the case management orders governing this case, the undersigned recommends that no further action be taken on ECF No. 96.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 9, 2012**, as noted in the caption.

**DATED** this  16th  day of February, 2012.

Karen L. Strombom
United States Magistrate Judge