UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

      Plaintiff,

 v.

KELLY CUNNINGHAM,

      Defendant.

No. C11-5509 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 9, 2012**

Before the Court is Plaintiff Richard Roy Scott's motion for temporary relief. ECF No. 136. Mr. Scott is confined at the Special Commitment Center (SCC) on McNeil Island in Pierce County. He has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. The Court is managing this case pursuant to those Orders. ECF No. 4; *Scott v. Seling*, C04-5147 RJB, ECF Nos. 152 and 170 ¶ 9.

Pursuant to the case management orders, any motions for temporary relief filed by Mr. Scott must first be reviewed by the judge:

> Any motion for temporary restraining order (TRO) or other injunctive relief must comply with all of the requirements of Fed. R. Civ. P. 65. Any motion for a TRO or other injunctive relief, other than contained in a complaint, must first be reviewed by the judge. If the motion does not meet the requirements of Fed. R. Civ. P. 65 the motion shall be filed with the judge's notation that the document is to be filed with no further ruling by the Court. The defendant in the case need not file a response to the motion unless directed to do so by the judge.

*Scott v. Seling*, C04-5147 RJB, ECF No. 152, at 3.

Plaintiff has filed at least ten previous motions for temporary relief in this case which have been found to be without merit. *See* ECF Nos. 51, 54, 60, 64, 65, 67, 84, 91, 96, and 102.

REPORT AND RECOMMENDATION - 1

The undersigned has recommended that ECF No. 61 be re-referred for further briefing. ECF No. 97.

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

Thus, Mr. Scott must show that he is likely to succeed on the merits of his claim, that he will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance of harm favors him, and that public interest favors granting the relief he seeks. In his Amended Complaint, Mr. Scott raises three issues relating to the conditions of his confinement at the SCC: (1) inadequate medical care, (2) lack of emergency services, and (3) interference with access to courts due to inadequate processing of mail and legal copies. ECF No. 2.

REPORT AND RECOMMENDATION - 2

With the foregoing legal principals and Mr. Scott's claims in mind, the undersigned makes the following recommendations as to Mr. Scott's motion for temporary injunction:

In this motion, Mr. Scott requests that this "court restrain the defendant and his SS (staff) from returning or withholding all discovery Scott receives in the mail". ECF No. 136. Mr. Scott states that Defendant Cunningham has instructed the mailroom not to allow Scott to receive anything received in the mail marked "Not Legal Mail. Contains Public Disclosure Materials. Institutional Policy may prohibit delivery to recipient." Or similar words." *Id.,* p. 1. He claims that the Defendant hopes to prevents Mr. Scott from receiving all discovery in his cases, "especially in this one." *Id.,* p. 2.

The matters complained of in this motion are completely unrelated to the claims raised in this lawsuit. Further, Mr. Scott makes no showing of any immediate threat of irreparable harm and makes no colorable argument for relief. In fact, the record shows otherwise. In his sixth motion for the appointment of counsel, Mr. Scott also alleged that the SCC mailroom is withholding "new incoming . . . evidence." ECF No. 111, at 2. However, Mr. Scott is not allowed to engage in discovery without order of this Court. According to counsel for defense, she received Mr. Scott's first court-approved discovery request on December 21, 2011. Thus, at the time he signed his motion for temporary restraining order on January 9, 2012, responses to the requests were not yet due. Defendant's responsive documents were due on January 23, 2012. Defendant intended to provide discovery responses at that time. ECF No. 121, p. 3.

It is recommended Defendant Cunningham not be directed to file a response to this motion, that the noting date of this motion (ECF No. 136) be **stricken,** and that there be no further ruling on this motion by the Court.

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

Based on the foregoing and the case management orders governing this case, the undersigned recommends that no further action be taken on ECF No. 136.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 9, 2012**, as noted in the caption.

**DATED** this  16th  day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4