UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                      Plaintiff,

   v.

KELLY CUNNINGHAM,

                      Defendant.

No. C11-5509 BHS/KLS

ORDER REGARDING PLAINTIFF'S "MOTION FOR SELF RECUSE AND STAY"

Before the Court is Plaintiff's "Motion for Self Recuse and Stay".  ECF No. 221.  This is Plaintiff's second motion asking that the undersigned recuse herself.  ECF No. 38.  In his first motion, Plaintiff asked that the undersigned recuse herself because he deemed that she was not ruling on certain motions in a timely fashion.  *Id.*  That motion was denied by Chief Judge Marsha J. Pechman on October 14, 2011.  ECF No. 49.

In this motion, Plaintiff asks that the undersigned recuse herself because she has issued orders that, according to Plaintiff, "no reasonable person would issue or write", she is biased by her prior interactions with Plaintiff, she has misstated evidence, ignored his declarations and exhibits, and lies knowingly.  ECF No. 221, pp. 2-3.  He states further that the undersigned "knows the defendant is cheating and [the undersigned ] supports same and has lied and she joins in doing so herself."  *Id.*, p. 9.  He states that the appointment of a lawyer in his behalf will "control Mag. Strombom or have her thrown off the bench she has choosen [sic] to disrespect."  *Id.*[1]

---

[1] Plaintiff has sought and been denied the appointment of counsel on seven occasions. (ECF Nos. 11, 23, 47, 82, 109, 111, and 128).  Under the Case Management Order, the filing of a duplicative or repetitive motion shall result in monetary sanctions or dismissal of the action.  *Scott v. Selig*, No. 4-5147RJB, ECF No. 170 ¶ 6.

ORDER REGARDING RECUSAL MOTION - 1

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

ORDER REGARDING RECUSAL MOTION - 2

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be partial to one side or the other in this matter and accordingly, the undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

**CONCLUSION**

There is no reasonable basis for a voluntary recusal in this instance.   However, Plaintiff's declaration of prejudice shall be referred to the Chief Judge for a determination of its merits. Local Rules W.D. Wash. GR 8(c).

Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily.  Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Marsha J. Pechman for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Pechman's motion calendar.

This action, and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  No further motions shall be filed in this matter until the stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be dismissed.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendant.

**DATED** this  6th   day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING RECUSAL MOTION - 3