UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

              Plaintiff,

  v.

KELLY CUNNINGHAM,

              Defendant.

No. C11-5509 BHS/KLS

ORDER REGARDING PLAINTIFF'S "MOTION FOR SELF RECUSE AND STAY"

On February 27, 2012, Plaintiff filed a second "Motion for Self Recuse and Stay" in this matter and again requested that the Honorable Karen L. Strombom, United States Magistrate Judge, recuse herself from these proceedings. Dkt. No. 221. Plaintiff requests that the undersigned recuse herself on the grounds that "no reasonable person would issue or write" the orders she has entered in his matter, that she has misstated evidenced, ignored his declaration and exhibits, and knowingly lied. Id., pp. 2-3. Plaintiff asserts that Judge Strombom "knows the defendant is cheating and she supports same and has lied and she joins in doing so herself." Id., p. 9.

Pursuant to Local General Rule 8(c), Judge Strombom reviewed Plaintiff's motion, declined to recuse herself voluntarily, and referred the matter to the undersigned. Dkt. No. 233. Plaintiff's motion is therefore ripe for review by this Court.

ORDER REGARDING RECUSAL MOTION - 1

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Strombom to recuse herself and DENIES the motion.

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned."  A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

ORDER REGARDING RECUSAL MOTION - 2

Reviewing Plaintiff's motion and accompanying documentation, it is impossible to escape the conclusion that Plaintiff does not like Judge Strombom's rulings and believes that those rulings have unfairly impacted his ability to pursue his claims in this and other cases. He is entitled to his beliefs and he is entitled to ask the Ninth Circuit Court of Appeals to overturn Judge Strombom's rulings on any legitimate grounds he can articulate; what he is not entitled to is having Judge Strombom removed from the case because he disagrees with those rulings.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiffs would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiffs do not allege any facts outside the record that improperly influenced the decisions in this matter. Plaintiffs have identified no error of law, and a review of Judge Strombom's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Plaintiff may disagree with Judge Strombom's rulings but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Strombom's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

ORDER REGARDING RECUSAL MOTION - 3

**CONCLUSION**

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion for Judge Strombom to recuse herself voluntarily.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to any parties who have appeared in this action.

DATED this   4th   day of April, 2012.

_____
Marsha J. Pechman
Chief United States District Judge

ORDER REGARDING RECUSAL MOTION - 4