UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>            Plaintiff,<br><br>   v.<br><br>KELLY CUNNINGHAM,<br><br>            Defendant. | No. C11-5509 BHS/KLS<br><br>**ORDER DENYING MOTIONS TO COMPEL** |

Before the Court are Plaintiff's fourth and fifth motions to compel discovery. ECF Nos. 143 and 208. Mr. Scott signed his fourth motion to compel and for sanctions on January 13, 2012, before his discovery requests were even due. Since that time, the defense has provided an initial response and two supplemental responses to his request for production, producing over 1100 documents. ECF No. 168 (6th Hamilton Decl.), ¶¶ 3-4. While his fourth motion remained pending before the Court, Mr. Scott filed his fifth, duplicative motion to compel. ECF No. 143. Neither of these motions contains a certification that Mr. Scott conferred with counsel for Defendants before he filed his motions.

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with

ORDER - 1

a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

The Court anticipates that the parties will confer and make a good faith effort to resolve this discovery dispute without Court interference. If the parties cannot amicably resolve this issue, Plaintiff may file a motion to compel, and shall include a certification stating that their efforts were unsuccessful, and shall identify those areas of disagreement that remain unresolved. The Court will not address any motion which lacks such a certification.

In addition, Mr. Scott is reminded that he is prohibited from filing any duplicative or repetitive motion in an action. The case management order states that the filing of a duplicative or repetitive motion shall result in monetary sanctions or dismissal of the action. *Scott v. Selig*, No. 4-5147RJB, ECF No. 170 ¶ 6.

Accordingly, it is **ORDERED**:

(1)   Plaintiff's motions to compel (ECF Nos. 143 and 208) are **DENIED.**

(2)   The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  5th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2