UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                Plaintiff,

v.

KELLY CUNNINGHAM,

                Defendant.

No. C11-5509 BHS/KLS

**SECOND ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant's Motion for Protective Order. ECF No. 164. Defendant seeks an order precluding disclosure of former SCC Policy 860. *Id.*

## DISCUSSION

One of the three specific claims Mr. Scott raises in his amended complaint is that there is a lack of emergency services at the SCC. ECF No. 2. For example, he alleges there are no longer ambulance, fire department, or emergency response services linking the SCC to the ferry. *Id.* Mr. Scott sought and was granted leave to conduct discovery regarding this claim. ECF No. 99. Specifically, he was granted leave to request that Defendant Cunningham produce "medical services policies, including policy 860." *Id.* at 2. Mr. Cunningham requests a protective order precluding disclosure of *former* SCC Policy 860. ECF No. 164. Mr. Cunningham submitted a copy of SCC Policy 860, *Emergency Medical Response,* dated April 22, 2009, for the Court's *in camera* review. ECF No. 242.

According to Cathi Harris, the Chief of Residential and Security Operations of the SCC, the copy of SCC Policy 860 provided for the Court's review was discontinued when the SCC

ORDER - 1

took over full responsibility for McNeil Island when the Department of Corrections (DOC) vacated the island in early 2011. The plan for handling emergencies at SCC now exists in a different format from SCC Policy 860 and was revised when SCC took over full island operations in 2011. ECF No. 166 (Fourth Declaration of Cathi D. Harris), at ¶ 2. Ms. Harris argues that allowing Mr. Scott to view or possess former SCC Policy 860 will burden the safety and security of the SCC program, facility, residents and staff, and the community at large because the policy includes information that would assist a resident or group of residents in planning an escape from the facility, putting the community at large in grave danger. *Id.,* at ¶ 3. Ms. Harris maintains that the "general protocol" for emergency response, with different staff, is sufficiently similar to inform residents who might plan or otherwise take advantage of an emergency or create an emergency to escape, assault staff or residents, access weapons or drugs (such as drugs kept in the medical department), or otherwise create a risk. *Id.*, at ¶ 3.

A party may obtain discovery regarding any non-privileged matter that is relevant to any parties' claim or defense. Fed. R. Civ.P. 26(b). The Court may limit the extent of discovery otherwise allowed under the rule if it determines that the burden outweighs the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

After reviewing the former Policy 860, the Court finds that the policy is not relevant to Mr. Scott's claims as he is complaining of the inadequacy of present emergency services to the SCC. Accordingly, Mr. Cunningham is directed to provide the Court with a copy of the present policy, under seal, for the Court's review. Mr. Cunningham should also provide the Court with specific reasons as to why the present policy and/or portions of the policy should not be produced to Mr. Scott in discovery.

Accordingly, it is **ORDERED:**

(1) The Court shall defer ruling on Defendant's Motion for Protective Order (ECF No. 164).

(2) Defendant shall produce a copy of the present SCC Policy 860 to the Court under seal within **ten (10) days** of the date of this Order.

(3) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendant.

**DATED** this  18th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3