UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

    Plaintiff,

v.

KELLY CUNNINGHAM,

    Defendant.

No. C11-5509 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS (ECF NOS. 201, 232, and 250)

Plaintiff Richard Roy Scott has filed three motions for sanctions. ECF Nos. 201, 232, and 250. Having considered the motions, Defendant's responses, and balance of the record, the Court finds that the motions should be denied.

## DISCUSSION

The Court has the inherent power to impose sanctions in response to abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A movant's signature on a pleading is an indication that a motion is brought in good faith and is not designed to needlessly increase the cost of litigation. Rule 11 Fed. R. Civ. P. Failure to comply with Rule 11 may result in sanctions. *Id.*

**A.**     **ECF No. 201**

In this motion, Mr. Scott seeks sanctions in connection with the Defendant's motion to file documents under seal (ECF Nos. 187 and 188). Mr. Scott objected to sealing the documents and asked that the Defendant be sanctioned for misleading the Court. ECF No. 201. The Court denied Defendants' motion to seal, but did not address Plaintiff's motion for sanctions. ECF No. 246.

ORDER DENYING MOTIONS FOR SANCTIONS - 1

After Mr. Scott's computer and certain computer media were confiscated by the Special Commitment Center (SCC) during a search, the SCC drafted several reports detailing the items confiscated. ECF No. 187. Defendant provided this description with his response to a motion filed by the Plaintiff in which the Plaintiff demands the return of his computer and certain computer media (*see* ECF No. 61). Defendant filed the document under seal at ECF No. 205. Mr. Scott contends that the postings and images are not sexual, that the media has copies, that his mother and sisters have copies, that the Court may access the images on the internet, and that he has had access to the images in his room at the SCC. ECF No. 201, p. 9.

The Court finds no evidence of bad faith nor does it find that Defendant's motion to seal lacked a basis in law or fact. Moreover, the Court denied Defendant's motion to seal the document. Plaintiff's motion for sanctions (ECF No. 201) is **denied.**

**B.    ECF No. 232**

In this motion for sanctions, Mr. Scott makes very broad and vague allegations of cheating and lying against individuals in the Attorney General's Office, but has not identified why sanctions should be ordered and he has provided no evidence to support his claims. In addition, from the documents attached to Plaintiff's motion, it appears he is complaining about issues that are unrelated to the claims in this lawsuit. His complaints appear to be related to discovery in his state court commitment case and with Public Records Act requests made in August 2011, September 2011, and February 2012. These matters do not fall within this Court's jurisdiction. This motion for sanctions is be **denied.**

**C.    ECF No. 250**

In this motion for sanctions, Mr. Scott re-argues the claims set forth in his motion for temporary restraining order (ECF No. 61). That issue was briefed by the parties and has now

ORDER DENYING MOTIONS FOR SANCTIONS - 2

been addressed in this Court's Report and Recommendation (ECF No. 272) and shall not be re-addressed.  In addition, Plaintiff provides no admissible evidence supporting any claim for sanctions against Defendant.  Accordingly, this motion for sanctions is be **denied.**

Accordingly, it is **ORDERED:**

1) Plaintiff's motions for sanctions (ECF Nos. 201, 232, and 250) are **DENIED**.

2) The Clerk of Court is directed to send a copy of this order to Plaintiff and to counsel for Defendants.

**DATED** this  30th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTIONS FOR SANCTIONS - 3