UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                      Plaintiff,

    v.

KELLY CUNNINGHAM,

                      Defendant.

No. C11-5509 BHS/KLS

**ORDER DENYING MOTION TO COMPEL (ECF NO. 217)**

      Before the Court is Plaintiff Richard Roy Scott's second motion to compel regarding the production of e-mails regarding Becky Denny. ECF No. 217. Mr. Scott filed this Motion on February 27, 2012, asking this Court to compel the defendant to produce un-redacted copies of e-mails involving Becky Denny that the Defendant had sent to Mr. Scott in response to his discovery request. ECF No. 217, at 1. He filed this motion only twelve days after he filed his "2nd Motion to Compel," ECF No. 208, on February 15, 2012. In ECF No. 208, Mr. Scott asked this Court to compel the production of previously produced e-mails from Becky Denny in un-redacted form. ECF No. 208, at 1. This Court denied that motion and another motion to compel at ECF No. 143 because Mr. Scott failed to confer with opposing counsel and include a certification in accordance with Fed. R. Civ. P. 37(a)(1) and Local Rule CR 37(a)(1)(A) prior to filing the motions. The Court also admonished Mr. Scott that he is prohibited from filing duplicative or repetitive motions. ECF No. 240. *Scott v. Seling*, C04-5147RJB, ECF No. 170. ¶ 6.

ORDER - 1

With regard to this motion, Mr. Scott also failed to comply with Court rules requiring that he first confer with opposing counsel prior to filing his motion to compel. Although Mr. Scott called counsel for Defendant to discuss redactions to the e-mails involving Becky Denny, Mr. Scott hung-up the telephone when counsel inquired about the specific e-mails to which Mr. Scott was referring. Thus, the parties never completed their discovery conference. ECF No. 244 (Declaration of Stephen S. Manning (Manning Decl.). After the telephone call, counsel for Defendant wrote a letter to Mr. Scott in which he stated that he is unable to discuss Mr. Scott's concerns unless Mr. Scott first identifies those e-mails that concern him. Counsel also provided Mr. Scott with an updated privilege log which contains bates stamp numbers of the e-mails produced to Mr. Scott. ECF No. 244 (Manning Decl.), Attachment A. Mr. Scott did not respond to the letter.

Because Mr. Scott has failed to confer in good faith with counsel for Defendant regarding this discovery issue, his motion to compel will be denied. Defendant argues in the alternative that the Court may deny the motion to compel because the e-mails may be redacted as they involve attorney client privileged communication, the work product doctrine and/or non-responsive documents pertaining to another SCC resident. ECF No. 243, at 3. However, the Court does not have the e-mails before it and cannot rule on the merits of any objections to their production.

Defendant further requests that in accordance with the case management orders of *Scott v. Seling*, that Mr. Scott receive monetary sanctions as a result of this duplicative motion and that this case be dismissed. ECF No. 243. The Court has recommended that Mr. Scott be sanctioned for filing duplicative motions and if he fails to pay the sanction that this action be dismissed. *See*

ORDER - 2

ECF No. 248. At this time, therefore, the Court will not recommend sanctions on the basis of this latest duplicative motion to compel.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to compel (ECF No. 217) is **DENIED.**

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  30th  day of April, 2012.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3